**STATE of Maine**

v.

**Allen LEONARD.**

Supreme Judicial Court of Maine.

Dec. 20, 1977.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Stephen Sumner, Law Student (orally), for plaintiff.

Childs, McKinley & Emerson by Roderick R. Rovzar (orally), Portland, for defendant.

Before POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Defendant was found guilty by a Superior Court jury in Cumberland County upon two counts of an indictment which charged him with aggravated assault under the provisions of 17 M.R.S.A. § 201.[1]

In appealing from the judgment which resulted from that verdict, the Defendant contends that the five exhibits offered by the State were improperly admitted in the court below, and that the court below erred in permitting the rebuttal testimony of a certain Portland police officer.

We deny the appeal.

As to the first issue, Exhibits 1 and 4 were admitted without objection by the Defendant. Exhibits 2, 3 and 5 were photographs taken after the incident, concerning which a police officer had testified, to depict the positions of certain vehicles at the time of the incident. There was no objection to the officer's testimony concerning these photographs; the objection came when these were offered in evidence. The Defendant then asserted that the photographs had not been provided him in advance of trial and that these were "not particularly good recreation of scenes [sic]."

The Defendant had seasonably moved for discovery but had obtained no order on his motion. These photographs were not in the file voluntarily made available to him by the State, but apparently came to the prosecutor's attention later. There was no suggestion of intentional withholding of these photographs, nor was there showing of any prejudice to the Defendant. Indeed, the trial judge offered him an opportunity to take photographs of his own, but the Defendant did not choose to do so. This point is without merit. *State v. Sherburne*, Me., 366 A.2d 1127, 1131 (1976).

1. Repealed by P.L. 1975, c. 499, sec. 5, upon the enactment of the Maine Criminal Code.

As to the second issue, the Defendant asserts it was error for the rebuttal witness to be permitted to testify that the motor vehicle which the Defendant was operating at the time of this incident was subsequently turned over to a Massachusetts man as "the rightful owner of it." Significantly, the Defendant did not object to the question, nor did he move to strike the answer. Upon appeal he objects to such testimony by the officer "on hearsay grounds." Even if the Defendant's objection during an earlier conference in chambers were sufficient to preserve this point on appeal, it would still be without merit. *State v. McLain*, Me., 367 A.2d 213, 220 (1976).

The entry will be:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

POMEROY, ARCHIBALD and GODFREY, JJ., concurring.

